John Pugh, Appellee, v. Frank M. Palmer, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of De Witt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Action in trover by John Pugh, plaintiff, against Frank M. Palmer, defendant, for the conversion of a cow. From a judgment for plaintiff, defendant appeals.

The defendant traded a Jersey cow for a black cow belonging to the plaintiff and claimed the plaintiff executed a promissory note secured by a mortgage on the Jersey cow covering the amount due the defendant, at the time, in settlement of accounts between them. The plaintiff denied the execution of the note and mortgage.

LEMON & LEMON, for appellant.

W. F. GRAY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. CHATTEL MORTGAGES, § 44*—*when execution of question for jury.* In an action in trover for the conversion of a cow claimed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by the defendant to have been mortgaged to him by the plaintiff as security for the payment of a promissory note executed by him, *held*, where the evidence was conflicting, that the question whether the plaintiff executed the mortgage and note was a question for the jury.

2. APPEAL AND ERROR, § 1618*—*when error in admission of evidence cured.* In an action in trover for the conversion of a cow by the defendant, *held* that an objection to a question put to the plaintiff as to whether he was the owner of the cow in question was improperly overruled as calling for a conclusion, but that the error was obviated by the answer to another question that he traded another cow for her before the time in question.

3. EVIDENCE, § 262*—*when statement of account inadmissible.* A statement of an account, as it was claimed to have existed at the time of a certain settlement, which was not made up at the time of the settlement but compiled later from books kept by the party offering it in evidence, *held* inadmissible.

4. TROVER AND CONVERSION, § 38*—*when statement of account inadmissible.* In an action in trover, a statement of account between the defendant and plaintiff *held* inadmissible since, even if the property was wrongfully converted, a set-off could not be pleaded or proved against the damages or value of the property taken.

5. TROVER AND CONVERSION, § 8*—*when action lies.* Where property has been wrongfully converted the owner may bring an action in trover and need not bring an action in such form that accounts may be adjusted between the parties.

6. CONTRACTS, § 276*—*when agreement may not be rescinded.* Where the defendant in an action in trover for the conversion of a Jersey cow claimed that he traded the cow for a black cow belonging to the plaintiff under an agreement that the plaintiff should execute a mortgage on the Jersey cow, *held* that though the plaintiff had not executed the mortgage, the defendant nevertheless had no right to rescind the trade unless he returned the black cow.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.